WILLIAM T. HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 6088-79.
United States Tax Court
T.C. Memo 1983-104; 1983 Tax Ct. Memo LEXIS 683; 45 T.C.M. (CCH) 793; T.C.M. (RIA) 83104; February 17, 1983. *683 Held: Petitioner is entitled to claim his father and mother as dependents for 1976 but not to use head of household rates. Held further: Deduction for work tools computed. William T. Hamilton, pro se. Stephen M. Friedberg, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $452.08.Due to concessions by petitioner, the issues for decision are whether petitioner was entitled to claim his father and mother as dependents, whether he was entitled to use the "head of household" rate schedule and whether he was entitled to a deduction for tools purchased during the year. Petitioner was unmarried during the year 1976, and at the time of the filing of this petition he resided in Chesapeake, Virginia. Since the filing of his petition with this Court, petitioner has consistently sought to avoid trial and has declined to cooperate *685 with respondent. This case was continued on three occasions. Petitioner successfully had his case transferred from "small tax case" status under section 7463 [1] to regular status and then sought continuance and a return to small tax case status, which were declined to grant. Petitioner refused to stipulate or to produce documents for inspection by respondent's counsel prior to the calendar call. After giving petitioner more than adequate opportunity to schedule the trial of the case during the calendar so that petitioner could obtain records he claimed to have in Chesapeake, Virginia, but had failed to bring with him to Court, which offer petitioner declined, we required petitioner to try his case. Exemption Issue
Although petitioner was far from candid in his testimony with respect to the dependency status of his father and mother, we find that petitioner owned a one-story residence in Chesapeake, Virginia, which was occupied by his parents for approximately nine months out of the year 1976. Petitioner reluctantly admitted that he resided in an apartment *686 over a separate building on the same lot, the first floor of which appeared to have been designed as a garage. Our findings in part are based upon photographs which we suggested that petitioner take and submit after the trial was concluded. Petitioner testified that the only income of his parents was approximately $200 per month in social security payments received by his father. It is unclear whether or not petitioner's parents received the benefit of medicare. Petitioner testified that the rental value of the house was approximately $240 per month, and that during 1976 his total expenditures for the benefit of his parents, including the rental value of the residence, amounted to approximately $6,500 or over $500 per month. Based on the record herein, we find and hold that petitioner provided more than one-half of the support of his father and mother during the year 1976 and accordingly his parents qualify as dependents under section 152. Further, we find that the parents had no gross income, social security payments being excluded from the scope of section 61. Section 1.61-11(b), Income Tax Regs. Thus, petitioner was entitled to claim an exemption for each parent under section *687 151. Based upon petitioner's testimony and the disclosure on his 1976 Federal Income tax return, we find that petitioner's parents occupied the residence owned by petitioner for less than the full calendar year 1976. There is no testimony as to where they lived for the other part of the year. Under the general rule, a taxpayer is not entitled to utilize the "head of household" rate schedule unless one or more dependents reside for the tax year with the taxpayer in the taxpayer's own household. However, section 2(b)(1)(B) [2] provides a special rule which allows a taxpayer to claim "head of household" status where the taxpayer maintains a separate household which constitutes a principal place of abode of the taxpayer's dependent father or mother. Respondent's regulations in pertinent part provide as follows: (2) In order for a taxpayer to be considered as maintaining a household by reason of [occupancy by a dependent parent], the household must actually constitute the principal place of adode of the taxpayer's dependent father or mother, or both of them. * * * The father or mother of the taxpayer, however, must occupy the household for the entire taxable year of the taxpayer. *688 * * * [Section 1.2-2(c)(2), Income Tax Regs.] While petitioner, as we have found, meets the tests of sections 151 and 152, he is not entitled to use the "head of household" rates since his parents failed to occupy this residence for petitioner's entire taxable year, the calendar year 1976. There is nothing in this record to indicate that any of the exceptions to the 12-month requirement might apply. *689 We hold, accordingly, that petitioner is entitled to deductions for two exemptions for his two parents for the year 1976 but must use the tax tables specified for unmarried individuals (other than surviving spouses and heads of households). Tool Deduction Issue
Petitioner on his income tax return claimed a miscellaneous deduction in the aggregate amount of $426 for "Tools used in line of work." The claimed deduction consisted of six different items varying in amounts from $2 to $212. Petitioner produced five Montgomery Ward's sales checks varying in amounts from $4.15 to $17.67 and the ragged remains of a bank check dated November 23, 1976, drawn by petitioner on Virginia National Bank and payable to Montgomery Ward in the amount of $425. Petitioner's testimony was that the check was payment for a set of hand tools consisting of sockets, ratchets, adjustment wrenches and the like, most or all of which petitioner still owned at the time of trial some six years later. The sales slips, according to petitioner, covered other tools but the only ones identified were a soldering outfit, a volt meter and an electrical circuit tester. The only slip which in any fashion can be related *690 to a particular tool is that dated August 26, 1976, (petitioner's Exhibit 2) with a cost of $15.58, apparently for the circuit tester. We find that petitioner has substantiated the purchase of hand tools in 1976 costing $425 with a substantial useful life. In the absence of any testimony as to the actual useful life but keeping in mind petitioner's admission that the tools were still in his possession, and based in part on other decisions of this and other courts involving the useful life of hand tools for depreciation pruposes, we find that a useful life of ten years is reasonable. Accordingly, petitioner is entitled to depreciate these hand tools over a period of ten years and in the year 1976 to a deduction for depreciation, computed under the straight line method, of $42.50. [4] We further find that petitioner is entitled to a miscellanous deduction in 1976 for the cost of the circuit tester in the amount of $15.58. In the absence of testimony relating the soldering kit and the volt meter to particular sales slips, we estimate the cost of these two tools to be reflected in petitioner's Exhibits 3 and 6, the two sales slips with the lowest purchase prices, amounting to respectively *691 the sums of $4.15 and $9.35. Since hand tools costing such small amounts are not apt to have a useful life in excess of one year, we will allow petitioner a miscellaneous deduction for the cost of expendable hand tools purchased in 1976 in the aggregate amount of $28.48. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Section 2(b)(1)(B) provides in part as follows: [Sec. 2(b)] (1) IN GENERAL.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the hosuehold during the taxable year is furnished by such individual.↩
4. Petitioner makes no claim for investment tax credit; hence we do not reach that issue.↩